UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KARLY MALCOLM,<br><br>        Defendant | ) Criminal No.  26cr10084<br>)<br>) Violations:<br>)<br>) ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆<br>) ▆▆▆▆▆▆▆▆▆<br>)<br>) Counts Two-Three: Wire Fraud<br>) (18 U.S.C. § 1343)<br>)<br>) Forfeiture Allegation:<br>) (18 U.S.C. § 981(a)(1)(C) and<br>) 28 U.S.C. § 2461) |

INFORMATION

At all times relevant to this Information:

General Allegations

1.    Defendant KARLY MALCOLM was a resident of Dorchester, Massachusetts.

2.    ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

The Paycheck Protection Program

3.    The United States Small Business Administration ("SBA") was an agency of the executive branch of the United States government. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters. As part of this effort, the SBA enabled and provided for loans, guaranteed by the government, through banks, credit unions, and other lenders.

4.    The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in March 2020 to provide emergency financial assistance to Americans suffering the

economic effects of the COVID-19 pandemic. The CARES Act also provided funding for forgivable loans to small businesses for job retention and certain other expenses through the Paycheck Protection Program ("PPP"). The PPP offered forgivable loans to small businesses affected by the COVID-19 pandemic. The loan proceeds could be used for payroll and certain other business expenses.

5.     In order to obtain a PPP loan, a qualifying business was required to submit a loan application signed by an authorized representative of the business acknowledging the program rules and making certain affirmative certifications, including details about the business and documents to verify its income. PPP loan applications were processed by participating lenders.

6.     Because the PPP was an emergency program designed to provide funds to small businesses as quickly as possible, participating lenders were allowed to rely on applicants' certifications without verifying the accuracy of information the applicants represented to be true.

7.     If a PPP loan application was approved, the participating lender funded the PPP loan using its own money, but the loan was guaranteed by the SBA. Data from the application, including information about the borrower and its income, was transmitted by the lender to the SBA in the course of processing the loan.

8.     After obtaining the loan proceeds, the borrower could apply for forgiveness of the loan if they met certain requirements. If the loan was forgiven, the SBA repaid the lender the full amount of the loan plus any accrued interest.

9.     A private financial services company referred to herein as the "Lender," which was based in California, participated in the PPP program as a lender.



10.  ███████████████████████████████ MALCOLM applied to the Lender for two

PPP loans for a nonexistent business purportedly owned by MALCOLM.

11.  Unaware that MALCOLM did not own a business, the SBA guaranteed the loans and

the Lender issued them. The SBA repaid the Lender for both loans, the first one based on a

forgiveness application from MALCOLM that contained false information and the second one

because MALCOLM defaulted.

12.  ████████████████████████████████████
██████

██████████████████████

13.  ███████████████████████████████████████
█████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████

██████████████████████████████

14.  ███████████████████████████████████████
█████████████████████████████████████████████
████████████████████

████████████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████████

██████

████████████████████████████████████████████

██████



### *The First PPP Loan*

15.

16.    On or about March 30, 2021, the Lender received an application for MALCOLM to receive a $20,416 PPP loan. The application falsely represented that MALCOLM was the sole proprietor of a beauty salon that had received $98,000 in gross income in 2019. In fact, MALCOLM did not own a beauty salon or any other business.

17.    The application was supported by a fabricated tax form Schedule C

18.    MALCOLM falsely certified that "the information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects."

19.    Unaware that MALCOLM did not own a business, the Lender asked the SBA to guarantee the loan in case MALCOLM later applied for loan forgiveness or defaulted.

20.    Unaware that MALCOLM did not own a business, the SBA agreed to guarantee the loan. MALCOLM's false certification that she actually owned a business was material to the SBA's decision.

4

21. On or about April 16, 2021, MALCOLM's account no. -6767 at Citizens Bank in Massachusetts received an ACH electronic transfer of approximately $20,416 from the Lender's account at East West Bank in California.

22. On or about November 12, 2021, the Lender received an application asking that MALCOLM's loan be forgiven. ████████████████████████████████████ ██████████████████████████████

23. The forgiveness application falsely represented that MALCOLM had spent $17,416 of the loan proceeds on payroll for her non-existent beauty salon. ███████████████████ MALCOLM falsely certified that "[t]he information provided in this application is true and correct in all material respects."

24. Unaware that MALCOLM did not own a business, the Lender reported the information on MALCOLM's forgiveness application to the SBA.

25. Unaware that MALCOLM did not own a business, the SBA granted MALCOLM's forgiveness application on or about November 18, 2021. The false information on MALCOLM's application relayed to the SBA by the Lender was material to the SBA's decision.

26. On or about November 18, 2021, the SBA repaid the Lender approximately $20,416 for the principal on MALCOLM's loan plus approximately $120.82 in accrued interest.

### The Second PPP Loan

27. ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████

28. On or about April 9, 2021, the Lender received an application for MALCOLM to receive a second $20,416 PPP loan. Like MALCOLM's first application, her second application

falsely represented that she was the sole proprietor of a beauty salon that had received $98,000 in gross income in 2019. ███████████████████████████████████████

███████████████

29.     The application for the Second PPP Loan was supported by the same fabricated Schedule C ██████████████████████████

30.     ███████████████████████████████████████████ MALCOLM falsely certified that "the information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects."

31.     Still unaware that MALCOLM did not own a business, the Lender asked the SBA to guarantee the second loan in case MALCOLM later applied for loan forgiveness or defaulted.

32.     Still unaware that MALCOLM did not own a business, the SBA agreed to guarantee her second loan. MALCOLM's false certification that she actually owned a business was material to the SBA's decision.

33.     On or about April 30, 2021, MALCOLM's account no. -6767 at Citizens Bank in Massachusetts received an ACH electronic transfer of approximately $20,416 from the Lender's account at East West Bank in California.

34.     On or before November 1, 2022, MALCOLM defaulted on her loan.

35.     On or about November 1, 2022, the SBA repaid the Lender approximately $20,416 for the principal on MALCOLM's second PPP loan plus approximately $413.91 in accrued interest.



## COUNTS TWO - THREE
### Wire Fraud
### (18 U.S.C. § 1343)

The United States Attorney charges:

38.     The United States Attorney re-alleges and incorporates by reference paragraphs 1-35 of this Information.

39.     On or about the dates below, in the District of Massachusetts, and elsewhere, the defendant,

### KARLY MALCOLM,

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing the scheme to defraud, as set forth below:

| Count | Date | Description |
|---|---|---|
| 2 | 4/16/2021 | Approximately $20,416 received in MALCOLM's account no. -6767 at Citizens Bank in Massachusetts via electronic transfer from the Lender's account at East West Bank in California |
| 3 | 4/30/2021 | Approximately $20,416 received in MALCOLM's account no. -6767 at Citizens Bank in Massachusetts via electronic transfer from the Lender's account at East West Bank in California |

All in violation of Title 18, United State Code, Section 1343.

8

FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The United States Attorney further alleges:

1.      Upon conviction ██████████████████████████████████

████████████████████████████████████████, the defendant,

KARLY MALCOLM,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C),

and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes

or is derived from proceeds traceable to the offenses. The property to be forfeited includes, but is

not limited to, the following assets:

a.  $41,096.73, to be entered in the form of a forfeiture money judgment.

2.      If any of the property described in Paragraph 1, above, as being forfeitable pursuant

to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section

2461(c), as a result of any act or omission of the defendant --

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third party;

c.  has been placed beyond the jurisdiction of the Court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without
    difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c),

incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property

of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United

States Code, Section 2461(c).

9

LEAH B. FOLEY
UNITED STATES ATTORNEY

By:     _____
           CHRISTINE WICHERS
           Assistant U.S. Attorney

Date: ___March 31___, 2026